IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CAMERON WILSON,

    Plaintiff,

v.

FOREMOST INSURANCE
COMPANY, GRAND RAPIDS,
MICHIGAN,

    Defendant.

No. 6:22-cv-00253-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion for Summary Judgment, ECF No. 23, filed by Defendant Foremost Insurance Company, Grand Rapids, Michigan ("Foremost"). The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set for the below, the motion is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury

could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## BACKGROUND

Plaintiff Cameron Wilson was the owner of a residence located at 5465 Palisades Drive in Lincoln City, Oregon (the "Residence"). Wilson Decl. ¶ 4. ECF No. 28-2. Plaintiff testified at his deposition that there were issues with mail delivery for the Residence, which became more frequent in the years following 2012. Maloney Decl. Ex. A, at 5-7. ECF No. 23-2. Plaintiff had made multiple complaints about issues with mail delivery to the postal service. *Id.* at 6.

Defendant Foremost is part of the Farmers Group of Insurance Companies. Fare Decl. ¶ 4. ECF No. 29-1. Plaintiff purchased a homeowners insurance policy from Foremost, policy number 381-5004701653-01 (the "Policy"), which was effective

for one year, from December 29, 2020, until December 29, 2021. Jinks Decl. ¶ 3; Ex. A. ECF No. 23-1. Plaintiff paid the full premium for one year in advance. Wilson Decl. ¶ 5. The Policy was a new insurance policy with Foremost and not a renewal of an existing policy. Jinks Decl. ¶ 3. The Policy contained the following provision with respect to cancellation:

> *We may cancel this policy for any reason allowed by law during the first 59 days we insure you* . . . After the first 59 days we may cancel it for:
>
> a. Nonpayment of premium;
>
> b. Fraud or material misrepresentation affecting the policy or in the presentation of a claim under the policy;
>
> c. A violation of any of the terms and conditions of the policy;
>
> d. A substantial increase in the risk of loss after insurance coverage has been issued or renewed including but not limited to an increase in exposure due to rules, legislation or court decision; or
>
> e. A determination by the Director of the Department of Consumer and Business Services that the continuation of a line of insurance or class of business to which the policy belons will jeopardize an insurer's solvency or place the insurer in violation of the insurance laws of Oregon or any other state, whether because of a loss or decrease in reinsurance covering the risk or other reason determined by the director.
>
> *We will mail or deliver a cancellation notice to you at least 30 days (10 days in the case of a. or b. above) before this policy is cancelled. . . .*

Jinks Decl. Ex. A, at 12 (emphasis added).

In January 2021, Foremost sent a person to the Residence to conduct an inspection. Jinks Decl. ¶ 4. The inspector noted several underwriting concerns found during the inspection, including low hanging wires, improper use of extension cords

on the exterior of the Residence, and a missing doorknob on the front door of the Residence. Jinks Decl. Exs. B, C.

On February 4, 2021, Foremost sent an email to Plaintiff's insurance agent notifying the agent of the concerns Foremost had with the Residence and invited the agent "to work with [Plaintiff] on addressing the concerns" and to provide proof of curative actions taken. Jinks Decl. ¶ 5; Ex. C. In order to allow for corrective action, Foremost delayed underwriting for fourteen days. *Id.* at Ex. C, at 1. Plaintiff affirms that he was never informed of any issues or the need to take corrective action. Wilson Decl. ¶ 6.

On February 22, 2021, Foremost sent Plaintiff a Notice of Cancellation in connection with the Policy, notifying Plaintiff that the Policy would be cancelled effective March 29, 2021. Jinks Decl. ¶ 6; Ex. D. The Notice of Cancellation stated that the reason for cancellation was:

> The risk does not meet our underwriting guidelines. The condition of the dwelling increases the likelihood of loss due to the following: low handing wires, the improper use of extension cords on the exterior of the dwelling, and the door knob missing from the entrance door. Your policy remains cancelled, unless we make and accept an offer to reinstate your policy. Please contact your broker or Foremost agent.

Jinks Decl. Ex. D, at 1.

The Notice of Cancellation was sent via U.S. Mail to the address listed for Plaintiff in the Policy. Jinks Decl. ¶ 6.

A Proof of Mailing was generated on February 22, 2021, reflecting that the Notice of Cancellation was sent to Plaintiff on the same day. Jinks Decl. ¶ 7; Ex. E. In his Declaration, Plaintiff affirms that he never received the Notice of Cancellation.

Wilson Decl. ¶ 7. The Notice of Cancellation was not returned to Foremost as undeliverable. Jinks Decl. ¶ 8.

Foremost sent a Cancellation Acknowledgment to Plaintiff of February 22, 2021. Jinks Decl. ¶ 9; Ex. F. Plaintiff affirms that he did not receive the Cancellation Acknowledgment. Wilson Decl. ¶ 8. The Cancellation Acknowledgement was not returned to Foremost as undeliverable. Jinks Decl. ¶ 10.

The Residence was destroyed in a fire on December 6, 2021. Wilson Decl. ¶ 4. Plaintiff testified that the suspected cause of the fire was electrical. Maloney Decl. Ex. A, at 13. Plaintiff affirms that he only learned that the Policy had been cancelled when he reported the loss to Foremost. Wilson Decl. ¶ 7.

Foremost declined coverage, citing the cancellation of the Policy. This action followed.

## DISCUSSION

Plaintiff brings claims for breach of contract, breach of the duty of good faith and fair dealing, and negligent performance of an insurance contract. Foremost moves for summary judgment as to all claims. Am. Compl. ECF No. 13.

ORS 746.687 governs cancellation of homeowner insurance policies by the insurer. ORS 746.687 "does not apply to a homeowner insurance policy that has been in effect fewer than 60 days at the time the notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy." ORS 746.687(6). "An insurer may, within the 60-day period, use any other information consistent with the insurer's rating or underwriting program, including but not limited to, conditions or

uses of the property discovered by the insurer, as a basis for cancellation or for offering to continue coverage at an increased rate or on different terms." *Id.*

Otherwise, "an insurer may cancel a homeowner insurance policy before the expiration of the policy" for one or more of the following reasons:

(a) Nonpayment of premium;

(b) Fraud or material misrepresentation affecting the policy or in the presentation of the claim under the policy;

(c) Violation of any of the terms and conditions of the policy;

(d) Substantial increase in the risk of loss after insurance coverage has been issued or renewed, including but not limited to an increase in exposure due to rules, legislation or court decision; or

(e) Determination by the Director of the Department of Consumer and Business Services that the continuation of a line of insurance or class of business to which the policy belongs will jeopardize an insurer's solvency or place the insurer in violation of the insurance laws of Oregon or any other state, whether because of a loss or decrease in reinsurance covering the risk or other reason determined by the director.

ORS 746.687(1).

The insurer "shall give the policyholder written notice of the cancellation, including the effective date of the cancellation and the reasons for the cancellation." ORS 746.687(2). The insurer must mail or deliver notice of cancellation to the policyholder at the address shown in the policy "(a) At least 10 days prior to the

effective date of cancellation, if the cancellation is for the reason described in subsection (1)(a) or (b) of this section; (b) At least 30 days prior to the effective date of cancellation, if the cancellation is for the reason described in subsection (1)(c), (d), or (e) of this section." ORS 746.687(3).

"Proof of mailing notice of cancellation or nonrenewal to the policyholder at the address shown in the policy is sufficient proof of notice under this section." ORS 746.687(5). Oregon law presumes that a "letter duly directed and mailed was received in the regular course of the mail." ORS 40.135(1)(q).

In this case, the parties agree that the Policy was a new insurance policy, rather than a renewal, and it had been in effect for less than sixty days at the time the Notice of Cancellation was mailed. For purpose of this motion, the parties do not dispute that Plaintiff was unaware of the Notice of Cancellation until after the fire. Rather, the core of the dispute is whether Foremost properly sent the Notice of Cancellation.

Foremost has presented the Notice of Cancellation it sent to Plaintiff, Jinks Decl. Ex. D, accompanied by a Certificate of Mailing form bearing a USPS stamp and signature from the postmaster showing that the Notice of Cancellation was sent to Plaintiff at the address listed in the Policy, Jinks Decl. Ex. E. Plaintiff asserts, however, that these exhibits are insufficient to show mailing for purposes of ORS 746.687(5).

First, Plaintiff asserts that the Notice of Cancellation is insufficient because some of the documents included in the Notice of Cancellation indicate that they were

Page 7 – OPINION & ORDER

sent by Farmers Insurance, rather than Foremost, and ORS 746.687 requires that the notice be sent by the insurer. Foremost has demonstrated, however, that it is part of the Farmers Group of Insurance Companies and that the Farmers Group mailing center handles mailing for underwriting companies, including Foremost. Fare Decl. ¶¶ 1, 4. Foremost has also presented evidence that the Notice of Cancellation was sent by Foremost in a Foremost envelope, as evidenced by the reference to Foremost under the Business Unit bar code. *Id.* at ¶ 11; Jinks Decl. Ex. E, at 1. The Court concludes that the mailing of the Notice of Cancellation was done by the insurer for purposes of ORS 746.687.

Plaintiff next argues that Defendant's proof of mailing is improper as it was done with a facsimile of the proper form, PS Form 3665, with various alleged defects. In support of this argument, Plaintiff offers the Declaration of Joesph A. Lahmann, the retired postmaster of Junction City, Oregon.[1] ECF No. 28-3. In the Declaration, Lahmann points out what he believes to be various defects in the facsimile form used by Foremost but admits that he does not know if the facsimile is approved by the postal service. Lahmann Decl. ¶ 4.

In its Reply, Foremost offers the Declaration of Donald Fare II, Director of Postal Compliance for Farmers Group, Inc. The Fare Declaration, and its supporting exhibits, establish that the facsimile of PS Form 3665 used by Foremost has been approved by the United States Postal Service. Fare Decl. ¶ 8; Exs. C, D. Fare affirms that the Notice of Cancellation submitted as Exhibit D to the Jinks Declaration "is a

---

[1] Of note, Junction City, Oregon was neither the origination point nor the destination of the Notice of Cancellation.

true and correct copy of the Notice of Cancellation that was generated by Foremost and printed at the Caledonia, Michigan mailing center Saturday 2/20/2021 and mailed the following Monday 2/22/2021, which is reflected on the USPS 3665 facsimile form with USPS postmarked/round-date stamp of 2/22/2021." Fare Decl. ¶ 12.

On this record, the Court concludes that Foremost has established that it mailed the Notice of Cancellation to Plaintiff within 60 days of the Policy becoming effective and that it mailed it to Plaintiff at the address listed in the Policy. The Court concludes that Foremost properly cancelled the Policy months prior to the loss and so is not obliged to pay benefits under the Policy. Foremost is entitled to summary judgment in its favor.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment, ECF No. 23, is GRANTED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this  29th  day of February 2024

                                       /s/Ann Aiken
                                       ANN AIKEN
                                       United States District Judge